**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DAVID WAYNE SMITH** | § | |
| | § | |
| **V.** | § | **A-11-CA-651-SS** |
| | § | |
| **RICK THALER** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's response to the Court's order to show cause (Document 6); Respondent's Motion to Dismiss (Document 13); and Petitioner's response thereto (Document 14). Petitioner, proceeding pro se, has paid the appropriate filing fee. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

### I.  STATEMENT OF THE CASE

**A.     Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 403rd Judicial District Court of Travis County, Texas, in cause number 3032525. Petitioner was charged with aggravated sexual assault of a child and two counts of indecency with a child, to which he entered a plea of not guilty. On June 27, 2007, a jury found

Petitioner guilty as charged and assessed punishment at forty years, fifteen years, and seven years of imprisonment, respectively, all to run concurrently.

Petitioner's conviction was affirmed by the Third Court of Appeals of Texas on July 14, 2009. Smith v. State, No. 03-09-00392-CR, 2009 WL 2058915 (Tex. App. – Austin 2009, pet. ref'd). The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on October 28, 2009. Smith v. State, PD-1434-09.

Petitioner also challenged his conviction in a state application for habeas corpus relief. Petitioner filed his application on May 11, 2010. Ex parte Smith, Appl. No. 75,078-01 at 59-142. The Texas Court of Criminal Appeals dismissed the application as non-compliant on December 8, 2010. Id. at cover. Petitioner filed a second state application for habeas corpus relief on December 10, 2010. Ex parte Smith, Appl. No. 75,078-02 at 2-96. The Texas Court of Criminal Appeals denied the second application without written order on March 23, 2011. Id. at cover.

**B.     Petitioner's Ground for Relief**

Petitioner contends counsel was ineffective for allowing a biased juror.

## II.   DISCUSSION AND ANALYSIS

**A.     Statute of Limitations**

Respondent moves to dismiss Petitioner's application as time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner's conviction became final, at the latest, on January 26, 2010, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court. See SUP. CT. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Petitioner's first state application, filed on May 11, 2010, did not operate to toll the limitations period because it was not properly filed. An application for state post-conviction relief is "properly filed" for purposes of 28 U.S.C. § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). See also Villegas v. Johnson, 184 F.3d 467, 470 (5th Cir. 1999) (state habeas application "properly filed" when it conforms with state's applicable procedural filing requirements such as those governing time and place of filing). Petitioner's state habeas corpus application did not constitute

a "properly filed" application for purposes of 28 U.S.C. § 2244(d)(2), because the Texas Court of Criminal Appeals dismissed the application as non-compliant. Edwards v. Dretke, 116 Fed. Appx. 470, 471 (5th Cir. 2004).

Petitioner asserts the first application has never been dismissed as non-compliant. According to Petitioner, the first application was lost and was never received by the Texas Court of Criminal Appeals. Petitioner indicates his counsel contacted the Texas Court of Criminal Appeals in November 2010 to inquire about the status of the application and was informed the application had never been received. Petitioner's counsel attested, after conferring with the Travis County District Clerk and the Clerk for the Texas Court of Criminal Appeals, that a decision was made that the original application should be re-filed. Petitioner contends the re-filed application was the application dismissed as non-compliant.

The state court records reflect the habeas record was transmitted to the Texas Court of Criminal Appeals on December 1, 2010. Ex parte Smith, Appl. No. 75,078-01 at 147. Although the resubmission of the first application may have prompted the Travis County District Clerk to retransmit the record to the Texas Court of Criminal Appeals and the Texas Court of Criminal Appeals to take action on the resubmitted application, it was the application filed on May 11, 2010, that was dismissed as non-compliant. Accordingly, Petitioner is not entitled to have the limitations period tolled during the pendency of his first state application for habeas corpus relief.

Petitioner's second state application for habeas corpus, however, was properly filed and tolled the limitations period during its pendency. Petitioner indicates he filed the second state application on December 10, 2010, and the Texas Court of Criminal Appeals denied it on March 23, 2011. At the time Petitioner filed his second state application for habeas corpus relief only 47 days

4

remained of the one-year limitations period. Accordingly, Petitioner had until May 9, 2011, to timely file his federal application. Petitioner's federal application was mailed to the Court by Petitioner's wife and was not filed until July 28, 2011, more than two months after the limitations period expired.

Petitioner has not demonstrated that he is entitled to equitable tolling. The Supreme Court announced the AEDPA's statute of limitations is subject to equitable tolling in proper cases. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quoting Holland, 130 S. Ct. at 2562) (alteration in original) (internal quotation marks omitted). Holland defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." 130 S. Ct. at 2565 (internal citations and quotation marks omitted). The Fifth Circuit has repeatedly emphasized that equitable tolling is not available to "those who sleep on their rights." See, e.g., Covey v. Ark. River Co., 865 F.2d 660, 662 (5th Cir. 1989).

Although the Fifth Circuit has permitted equitable tolling in certain cases, it requires a finding of "exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 119 S. Ct. 1474 (1999) (finding "exceptional circumstances" in a case in which the trial court considering the petitioner's application under Section 2254 granted the petitioner several extensions of time past the AEDPA statute of limitations). The Fifth Circuit has consistently found no exceptional circumstances in other cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing

5

a § 2254 claim); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (finding no exceptional circumstances where a petitioner did not learn of the AEDPA until 43 days after its passage and spent 17 days in an incapacitated psychiatric and medical condition inside the limitations period). As the Fifth Circuit has pointed out, "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice." Fisher, 174 F.3d at 714. The Fifth Circuit explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. America President Lines, 96 F.3d 124, 128 (5th Cir. 1996)). The Court finds that Petitioner's circumstances are not "rare and exceptional" in which equitable tolling is warranted and that Petitioner was not diligent in pursuing relief. As noted by Respondent, Petitioner waited over four months to file his federal application after his state application was denied.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III. RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss be granted and Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 4th day of January, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE